| | |
|---|---|
| 1 | MICHAEL V. RELLA (admitted *pro hac vice*) |
| 2 | Email: mrella@mmlawus.com |
|   | SOREN E. PACKER (admitted *pro hac vice*) |
| 3 | Email: spacker@mmlawus.com |
| 4 | **MURPHY & McGONIGLE, P.C.** |
|   | 1185 Avenue of the Americas, 21st Floor |
| 5 | New York, New York 10036 |
|   | Telephone: (212) 880-3999 |
| 6 | Facsimile: (212) 880-3998 |
| 7 | |
| 8 | VINCENT J. DAVITT (State Bar No. 130649) |
|   | Email: vdavitt@MDJAlaw.com |
| 9 | SHAUNT T. AREVIAN (State Bar No. 237698) |
| 10 | Email: sarevian@MDJAlaw.com |
|   | **MEYLAN DAVITT JAIN AREVIAN & KIM LLP** |
| 11 | 444 South Flower Street, Suite 1850 |
| 12 | Los Angeles, California 90071 |
|   | Telephone: (213) 225-6000 |
| 13 | Facsimile: (213) 225-6660 |
| 14 | |
| 15 | Attorneys for Plaintiff |
|    | FT TRAVEL – NEW YORK, LLC, d/b/a FROSCH TRAVEL |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FT TRAVEL-NEW YORK, LLC, d/b/a FROSCH TRAVEL, | CASE NO. 2:15-CV-1065-MMM-PJWx |
| Plaintiff, | [PROPOSED] **PROTECTIVE ORDER** |
| v. | **This Order does not authorize under seal filings in court proceedings. See Local Rule 79-5. Note change at page 16.** |
| YOUR TRAVEL CENTER, INC.; YTC TRAVEL, LLC; and COLIN WEATHERHEAD, | |
| Defendants. | |

**NOTE CHANGES MADE BY THE COURT**

Having reviewed the Stipulation and Proposed Protective Order signed by the parties to this action and filed with the Court on July 20, 2015, the Court hereby enters the terms of the Stipulation as an Order of this Court, as follows:

**A.     Definitions**

1. The following definitions shall apply to this Stipulated Pretrial Protective Order ("Protective Order"):

    a.     "Action" shall refer to the above-captioned matter pending in the United States District Court for the Central District of California, and any appeal of such action through final judgment in the action.

    b.     "Confidential Material" shall mean Discovery Material which a Producing Party (i) takes reasonable precautions to maintain the confidentiality of the material, and (ii) in good faith believes constitutes or contains sensitive and nonpublic business or financial information, personal financial information, sensitive and nonpublic personnel information, trade secrets, or other confidential or proprietary commercial, research, or development information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.  Such material includes, but is not limited to:

        (i)     information subject to contractual or other duties of confidence;

        (ii)    trade secrets, or other confidential research, development, commercial, or business information;

        (iii)   non-public personal, employee, client, or customer information concerning individuals or other entities, including but not limited to their addresses, Social Security numbers, telephone numbers, places or positions of work, tax returns, medical information, credit information, banking information, investment information, or other sensitive personally identifiable information.

"Confidential Material" shall not include documents or information that (i) is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; (ii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting Party; (iii) is publicly available in substantially the same form in which it was provided by the Producing Party claiming confidentiality; (iv) was, is, or becomes public knowledge, not in violation of this Protective Order; or (v) is voluntarily de-designated by the Party producing the Discovery Material.

  c. "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential."

  d. "Discovery Material" encompasses, but it is not limited to: any type of document, transcripts of testimony, any taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

  e. "Party" means a plaintiff, a defendant, a third-party plaintiff, or a third-party defendant that has appeared in the Action. "Parties" means more than one Party, as context indicates.

  f. "Objecting Party" has the definition set forth below in Paragraph 10, below.

  g. "Producing Party" means a Party, person, or other entity that produces Discovery Material in the Action.

  h. "Protected Material" shall mean Discovery Material designated as "Confidential" pursuant to this Protective Order, as well as the contents of such

Discovery Material and all information derived from such Discovery Material, including but not limited to extracts, summaries, and descriptions of such material.

      i.    "Receiving Party" means a Party, person, or other entity that is entitled to and receives Discovery Material in the Action.

**B.**    <u>**Applicability of Protective Order**</u>

2.    Nothing in this Protective Order shall be construed to provide less protection to Confidential Material designated by the Parties than that provided by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

3.    This Protective Order shall be fully applicable to material produced by, or depositions taken of, third-parties and non-parties. Any third-party or non-party from whom discovery is sought shall be entitled to designate produced material and testimony as "Confidential" pursuant to the terms of this Protective Order. Parties to this action shall provide a copy of this Protective Order to all recipients of third-party and non-party subpoenas.

4.    A Producing Party must take care to designate for protection only those portions of Discovery Material that qualify so that other portions of Discovery Material for which protection is not warranted are not swept within the ambit of this Protective Order.

5.    The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited and necessary Confidential Material entitled to confidential treatment under applicable legal principles. If Confidential Material is included in any papers to be filed with the Court, such papers shall be labeled "Confidential Material – Under Seal" and filed under seal in accordance with the procedures set forth in the Court's Individual Practices.

-3-
*PROTECTIVE ORDER*
MURPHY & MCGONIGLE, P.C.

### C. Designation of Confidential Information

6. <u>Application of "Confidential" Legend</u>: Producing Parties may designate any Discovery Material as "Confidential" in accordance with Paragraph 1(b) and 1(c) herein, by applying to it the "Confidential" Legend. The legend shall be affixed in such a manner that the written material is not obliterated or obscured. In the case of data stored solely in electronic form, the "Confidential" Legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, or, where possible, included in the filename of the electronic document or the folder in which the document is produced. Any Discovery Material so designated shall thereafter be treated pursuant to the appropriate provisions of this Protective Order. A Producing Party making Discovery Material available for inspection, however, shall not have to apply a "Confidential" Legend to those materials until such time as a Party requests copies, if that ever occurs. During the period when Discovery Material is made available for inspection but not designated, it shall be treated as Protected Material. For purposes of this Protective Order, any material bearing the legend "Confidential Treatment Requested" shall be treated as Confidential Material.

7. <u>Interrogatory Answers, Responses to Requests for Admission or Similar Documents</u>: In the case of interrogatory answers, responses to requests for admission, and other similar documents providing information, the designation of Confidential Material shall be made by means of a statement in the relevant document specifying that the document or specific parts thereof are designated "Confidential."

8. <u>Depositions and Other Pre-trial Testimony</u>: In the case of depositions or other pretrial testimony, counsel for any Party wishing to designate such Discovery Material as "Confidential" must make a statement so designating the Discovery Material on the record at the time of the testimony; provided, however, that counsel for a Party wishing to designate such Discovery Material as "Confidential" may do so within thirty (30) calendar days after receiving a copy of the final transcript of the deposition or other

pretrial testimony by advising the court reporting service in writing, with copies to all Parties of record, of the specific portions of the testimony for which protection is sought. Under either method of designation, counsel for the designating Party must direct the court reporter to affix the "Confidential" Legend to the first page and all pages of the transcript (both the original and all copies) containing any Confidential Material. The entirety of a transcript of deposition or other pretrial testimony shall be treated as Protected Material until thirty (30) calendar days have elapsed after counsel for the Party wishing to designate the Discovery material as "Confidential" received a copy of the final transcript thereof. Thereafter, only those portions of the transcripts properly designated with a "Confidential" Legend shall be deemed Protected Material, except for good cause shown.

9. <u>Inadvertent Non-designation</u>: In the event that a Producing Party inadvertently fails to designate documents, things, or information produced in discovery as Protected Material, production of such material does not constitute a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matters, and the Producing Party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The Producing Party, at its cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all Parties who the Producing Party knows to have received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the Producing Party shall within ten (10) business days of receipt of the substitute copies, destroy, or return to the Producing Party all copies of such misdesignated documents, except for: (a) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure compliance with

such law, rule, or regulation; and (b) information saved on backup media in an electronically stored format.

In the event that Discovery Material is designated as "Confidential" after initial non-designation, a Receiving Party shall make commercially reasonable efforts to ensure that all such information is subsequently treated as Protected Material pursuant to the terms of this Protective Order. If the Receiving Party disclosed such Protected Material to persons authorized to receive that material under the initial designation (or lack of designation), but who would not have been authorized to receive that material under the new designation, however, such disclosure shall not be deemed a violation of this Protective Order. In the event that the Receiving Party receives subsequent notice that the material is designated as "Confidential," the Receiving Party shall make commercially reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.

10. <u>Challenging Designation of Confidential Material</u>: No Party shall be obligated to challenge the propriety of a designation of Discovery Material as "Confidential" when initially received, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a Party that has designated materials as "Confidential" contend that any delay by another Party in objecting to the designation in any way: (a) lends support to the designation; or (b) invalidates or diminishes, in any way, the challenge to the designation.

A Party that wishes to challenge a designation of Discovery Material as "Confidential" (the "Objecting Party") shall notify the Producing Party in writing of its objection, identify the challenged material (by Bates number (when available), interrogatory response number, transcript line and page number, or other similar identifier), and state with particularity the bases for its objection as to each designation to which it objects. In accordance with Local Rule 37-1, counsel for the Producing Party and the Objecting Party shall meet and confer within ten (10) business days of the

-6-
*PROTECTIVE ORDER*

receipt of such notification, in an effort to resolve any disagreement regarding the Producing Party's designation of the Discovery Material as "Confidential."

If, for whatever reason, the Parties do not resolve their disagreement during the meet and confer process, the Objecting Party may then seek relief from the Court in accordance with its rules and procedures. The Parties will formulate a written stipulation in accordance with Local Rule 37-2. The Producing Party shall have the burden of persuasion with respect to the propriety of the designation. Nothing in this Order shall alter the burden on the Producing Party to establish the confidential nature of the Discovery Material it has so designated. While any such motion is pending, the Discovery Material subject to that motion shall be treated as Confidential Material, as the case may be, under this Protective Order.

**D.    Disclosure and Use of Confidential or Material**

11.    Disclosure and Use of Protected Material, Generally: Protected Material shall be treated in accordance with the terms of this Protective Order and is not to be communicated in any manner, directly or indirectly, to anyone other than the person qualified to receive such material under the terms and conditions set forth below.

Except as agreed in writing by all Parties to this Agreement or by order of the Court, Protected Material may be used by a Party only in connection with the prosecution, defense, or appeal of the Action and for no other purpose. Protected Material shall not be disclosed to any person who is not permitted access to such Protected Material by this Protective Order.

12.    Disclosure of Protected Material to Enumerated Parties: Discovery Material designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Action:

  a. Any court (including this Court and any appellate court) before which the Action proceeds at any time; persons employed by the Court; and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

  b. Counsel for the Parties in the Action, whether or not counsel of record, including but not limited to in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and temporary or contract staff;

  c. Outside vendors (including, without limitation, copy services, litigation consulting services, data-processing services, investigative services, graphics services, and information-technology personnel) who are assisting the Parties or their counsel in the prosecution, defense, and/or appeal of the Action, provided each secondary recipient is subject to professional or contractual duties of confidentiality;

  d. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Action, provided that the requirements of Paragraph 13 below have been met; *further provided* that the independent experts and consultants may not use the Confidential Material to their competitive advantage, or for any purpose other than relating to the Action.

  e. Any Party to the Action, including, in the case of Parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Action;

  f. The Parties' former officers, directors and employees (and their counsel) to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony or who counsel reasonably believes needs access to Confidential Material to assist counsel in connection with the Action; *provided, however*, that any such individual (i) shall not retain any Confidential Material and (ii)

shall be informed, prior to being shown the Confidential Material that he/she is being shown such material solely for use in the Action;

   g. Any person who is anticipated to testify as a witness either at a deposition or a court proceeding in the Action, as well as counsel for the witness, for the purpose of assisting in the preparation or examination of the witness; provided, however, that the requirements of Paragraph 13 below have been met;

   h. Any person who is identified as an author or recipient of such Confidential Material (whether by the Confidential Material itself or any other Discovery Material), including by testimony;

   i. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

   j. Other persons upon further order of the Court or written consent of the Producing Party.

  13. <u>Acknowledgement of Protective Order</u>:  The undersigned attorneys, as well as their clients, colleagues, and any other personnel of their law firm or litigation support services assisting them in the Action, agree to be bound by the terms of this Protective Order.  Other than disclosure of Confidential Material at a deposition, hearing, or trial, persons described in subparagraphs 12(d), (f), (g) and (i), prior to being given access to any Protected Material, must be provided a copy of this Protective Order and sign the Acknowledgement attached hereto agreeing to be bound by the terms of the Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Protective Order. The Party providing the individual with Protected Material shall retain copies of all executed Acknowledgements for one hundred and twenty (120) calendar days following the final termination of the Action, including any appeals.  The Acknowledgements will only be provided to the Producing Party, if different from the Party providing the individual with Protected Material, as may be ordered by the Court.  Persons who

receive Confidential Material at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to Paragraph 12 above and who have not signed an Acknowledgement, may be shown and questioned about the Protected Materials during the deposition, hearing, or trial but will not be entitled to take possession of the Protected Materials that were disclosed.

14. <u>Copying of Protected Material</u>: Protected Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order.

15. <u>Personal Identifiers</u>: The provisions of this Protective Order do not modify the obligations to protect personal identifiers pursuant to the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California in any documents filed with the Court electronically, regardless of whether any such information has been undesignated or designated Protected Material pursuant to this Protective Order, except documents that are filed under seal in accordance with the Court's Individual Practices.

16. <u>Use of Protected Material in Depositions, Hearings, and Other Proceedings</u>: If or when Protected Material is ever used during any deposition, hearing, or other proceeding, other than at trial, counsel for the Parties shall take appropriate steps to preserve the confidential substance of the Protected Material, including the steps for disclosure to witnesses as set forth in Paragraphs 12 and 13 above, unless otherwise required by Court order.

17. <u>Use of Protected Material at Trial</u>: This Protective Order shall not be construed to affect or limit in any way the admissibility or use of any document, testimony, or other evidence, whether or not it is designated as "Confidential" at trial, in briefing, or on a hearing, or to prejudice or limit, in any way, the rights of any Party to

object to the authenticity, admissibility into evidence, or use of any Document, testimony, or other evidence at trial, in briefing, or on a hearing; provided, however, that nothing in this Paragraph shall change or otherwise alter the Parties' rights with respect to documents filed under seal, as provided for in the Court's Individual Practices.  The procedures for introduction of evidence at trial shall be subject to a further order of the Court.  Discovery Material that has been designated Protected Material shall continue to be treated as such pursuant to this Order until there is a ruling by the Court on the procedures for the introduction of evidence at trial, or an agreement of the Parties.  In addition, any such designated Discovery Material that is not introduced as evidence at trial shall maintain the protections and designations of this Order after the start of any trial in this Action.  Before any trial or other evidentiary hearing begins, the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put in place a procedure for the identification and use of Protected Material at trial or other evidentiary hearing.  If the Parties cannot reach agreement on a procedure, any Party may seek appropriate relief from the Court concerning the handling at trial or other evidentiary hearing of Discovery Material that has been designated Protected Material.

18. <u>Inadvertent or Improper Disclosure of Protected Material</u>:  If Protected Material is disclosed to any person other than in the manner authorized by this Protective Order, the requesting Party or any other Party responsible for this disclosure shall immediately:  (1) provide written notice to the Producing Party; (2) make every effort to retrieve such material; and (3) make its best efforts to prevent further disclosure by the person who was the recipient of such Protected Material.  The written notice shall include the names of all persons known to the Party responsible for the disclosure who improperly received Protected Material and shall identify (by Bates number (when available), interrogatory response number, transcript line and page number, or other similar identifier) the Protected Material disclosed to such persons.

**E.     Privileged Material**

19.    <u>Production of Privileged Material</u>:  Nothing in this Protective Order shall be construed to require the production of any information, document, or thing that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, protection, or immunity.

20.    <u>Non-Waiver of Privilege</u>:  The production of any Discovery Material in the Action, shall not, to the maximum extent of the law, constitute a waiver—in this Action or in any other proceeding, including in any federal, state, arbitral, or foreign proceeding—of any applicable privilege, protection, or immunity from disclosure.

21.    <u>Privilege Log</u>:  Any Party asserting a claim of privilege over Discovery Material will describe the nature of the documents or other material that the Producing Party asserts is privileged, in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

22.    <u>Inadvertent Production of Privileged Material and Clawback Rights</u>:  If the Producing Party believes that material that is privileged or protected from disclosure under the attorney-client privilege or the attorney work product doctrine, or is prohibited from disclosure under law, regulation, rule, court order, or any other applicable privilege or protection, was produced, the Producing Party may provide notice in writing to the other Parties, or orally if on the record at a deposition, hearing, or at trial, requesting that such Discovery Material and all copies thereof be returned, sequestered, or destroyed, in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).  Within ten (10) business days of the receipt of such notice, each Receiving Party to whom the Discovery Material was produced shall use reasonable efforts to return, sequester, or destroy the specified Discovery Material (including, to avoid any ambiguity, all copies, summaries, and derivations thereof) in its possession, custody, or control, and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so; and shall take reasonable steps to

retrieve and sequester or destroy such Discovery Material from other persons, if any, to whom such Discovery Material has been provided, and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from seeking a decision that the disclosed information was never privileged or otherwise immune from discovery; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such allegedly privileged documents were produced in the Action.  If a Party has produced documents in another action, investigation, or other proceeding without a detailed, or any, review to determine whether any privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to Discovery Material.

23. <u>Challenging Privilege</u>:  Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, as applied by the Court, will govern any inadvertent production of materials (whether or not designated as "Confidential") claimed to be privileged by the Producing Party.  To the extent that a Receiving Party disputes the Producing Party's claim of privilege, the Receiving Party shall notify the Producing Party of its position within fourteen (14) calendar days of receiving the Producing Party's notice (the "Dispute Notification").  Within fourteen (14) calendar days of receiving the Dispute Notification, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement within fourteen (14) calendar days of the receipt of the Dispute Notification by the Producing Party, unless otherwise modified by the Court, the Producing Party shall submit the issue to the Court for a determination within fourteen (14) calendar days thereafter, submitting any document(s) in dispute under seal pursuant to the Court's Individual Practices; the contesting party shall file an opposition within

fourteen (14) calendar days; and the Producing Party shall reply within fourteen (14) calendar days. The Party purporting to hold the privilege shall have the burden of persuasion with respect to the assertion of the claim of privilege or work-product protection. The Producing Party must preserve the disputed Discovery Material until the claim is resolved, and the Receiving Party must not use or disclose the disputed Discovery Material until the claim is resolved (except that the Receiving Party may present the information to the Court under seal for a determination of the privilege or protection).

### F. Miscellaneous Provisions

24. <u>Relief From Terms of Protective Order</u>: This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for relief separately, or to move the Court for modification of any of its terms.

25. <u>Termination of Action and Return of Protected Material</u>: The terms of this Protective Order shall survive the termination of the Action, and the Court shall retain jurisdiction of the Action after its final disposition for the purpose of enforcing this Protective Order. Within one-hundred and twenty (120) calendar days of the termination of the Action, including final appellate action or the expiration of time to appeal or seek further review, the Parties shall take commercially reasonable efforts to see that all non-public information and material designated as "Confidential" shall be either destroyed or returned to the Producing Party and the Producing Party shall be provided with a certification stating that the Producing Party's non-public information and Protected Material have been destroyed or returned, except: (a) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (b) information saved on backup media in an electronically stored format will be certified to have been handled in compliance with

the 120-day destruction period if the Receiving Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.  As to those materials designated as "Confidential" that constitute counsel's work product, and pleadings, motion papers, deposition transcripts and exhibits, legal memoranda, and correspondence that were served in the Action, or filed with this Court in the Action, counsel for the Parties in the Action, including in-house counsel, may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

26. <u>Additional Parties</u>:  In the event that additional persons become Parties to the Action, such Parties will automatically be bound by this Protective Order, unless such Parties expressly decline to be bound by this Protective Order, in which case the additional Parties shall not have access to Protected Material in accordance with this Protective Order.

27. <u>Effective on Execution</u>:  This Protective Order may be executed in counterparts.  This Protective Order shall become effective among those Parties who have executed the Stipulation immediately upon its execution, and notwithstanding whether all of the Parties have executed the Stipulation.  No Party may have access to any Protected Material until it has executed this Stipulation, or agreed to treat Protected Material as "Confidential," as designated in the Protected Material.

28. <u>Headings</u>:  The headings herein are provided only for the convenience of the Parties, and are not intended to define or limit the scope of the express terms of this Order.

29. <u>Jurisdiction for Resolving Disputes</u>:  Any disputes concerning designated Discovery Material or this Protective Order shall be resolved by this Court or by any judicial officer appointed by this Court.

1 It is so ORDERED this 12 day of August, 2015

2 *Patrick J. Walsh*
  _____
3 Hon. Patrick J. Walsh
4 United States Magistrate Judge

**NOTE CHANGES MADE BY THE COURT**

**Any party seeking to file a document under seal must move under Rule 79-5 to do so.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FT TRAVEL-NEW YORK, LLC, d/b/a FROSCH TRAVEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YOUR TRAVEL CENTER, INC.; YTC TRAVEL, LLC; and COLIN WEATHERHEAD,<br><br>　　　　Defendants. | CASE NO. 2:15-CV-1065-MMM-MANx |

## **ACKNOWLEDGMENT**

I certify that I have received and read a copy of the Stipulated Protective Order ("Protective Order") entered in the above-captioned action and that I agree to be bound by the terms of the Protective Order. I consent and agree to be subject to the jurisdiction and authority of the United States District Court for the Central District of California for purposes of enforcement of the Protective Order.

Dated: _____       _____
　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Printed Name

4845-6914-6917